### In re MICHELS' ESTATE.

(Surrogate's Court, New York County. July 21, 1916.)

1. STATUTES ⬤⟶228—EXCEPTIONS—CONSTRUCTION.
   Under Code Civ. Proc. § 2637, requiring testamentary trustees to give bonds, and section 2639, which, after a similar requirement, excepts trustees under wills executed prior to its passage, *held*, that the specific exception in section 2639 also applies to section 2637.

   [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 310; Dec. Dig. ⬤⟶228.]

2. STATUTES ⬤⟶228—EXCEPTIONS—CONSTRUCTION.
   Code Civ. Proc. § 2641, providing that the provisions of the chapter containing it and section 2639 should apply, without regard to the date of the will's execution, does not affect the specific exception in section 2639.

   [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 310; Dec. Dig. ⬤⟶228.]

Proceeding for accounting in the estate of Wilhelmine Michels. Order for amended decree permitting trustee to qualify without a bond.

Frank M. Patterson, of New York City, for executor.
H. L. Schaefer, of New York City, for legatees and trustee.
John C. Hoenninger, of New York City, for Conrad Barthel.

FOWLER, S. This is an accounting proceeding. The proposed decree contains a clause directing that certain trustees named in the will give a bond for the faithful performance of their duties. This is apparently in accordance with the requirement of section 2637 of the Code. One of the trustees objects to this provision in the decree, and contends that, as the will was executed prior to September 1, 1914, the last paragraph of section 2639 of the Code applies, and the trustees should not be required to give bond.

[1] The provisions of sections 2637, 2639, and 2641 in regard to the giving of a bond by a testamentary trustee seem to be conflicting. Section 2637 provides, generally, that a testamentary trustee shall qualify by taking and filing with the surrogate an oath of office and such bond as may be required by the surrogate. This is one of the new sections created by chapter 443 of the Laws of 1914. Section 2639 provides that, wherever a trustee is appointed by a will, such trustee, before receiving the trust property, shall, unless contrary to the terms of the will, execute a bond in an amount to be fixed by the surrogate. This is practically the same as the requirement prescribed by section 2637. At the end of section 2639, however, there is a paragraph which provides:

"This section shall not affect any executor or trustee named in a will executed before this section takes effect."

---

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In accordance with familiar rules of statutory construction, this clause, specifically exempting trustees named in wills executed prior to September 1, 1914, from the necessity of filing a bond, limits the effect of the general requirement provided in section 2637.

[2] Section 2641 provides that the provisions of chapter 18, tit. 3, art. 2, of the Code, shall apply to a trust created by the will of a resident of this state, without regard to the time of the execution of the will. Sections 2637 and 2639 are included in chapter 18. Section 2641 is a repetition of section 2820 of the old Code, except that the word "chapter" is substituted in section 2641 for the word "title" in section 2820. The title referred to in section 2820 of the old Code was the one in which the procedure in relation to testamentary trustees was defined and regulated, while the chapter mentioned in section 2641 applies generally to wills and their probate, the granting of testamentary and ancillary letters and the qualification of testamentary trustees. I am inclined to think that section 2641 in its general application to the entire chapter is not to be construed as limiting the specific provisions of section 2639.

It seems to me, therefore, that as the will of the testator was executed prior to September 1, 1914, it is not necessary that the trustees of the trusts created by the third and eighth clauses of the will should give a bond for the faithful performance of their duty. Submit amended decree accordingly.